# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

WILLIAM DEMPSEY, Respondent, v. MARINUS WIL-
LETT, FREDERICK R. JONES, G. W. THORN and
JAMES RAY, Appellants.

OBADIAH PARKER, Respondent, v. SAME, Appellants.

JOHN HART, Respondent, v. SAME, Appellants.

CHARLES BARNES, Respondent, v. SAME, Appellants.

PATRICK O'CONNELL, Respondent, v. SAME, Appel-
LANTS.

JAMES McGRATH, Respondent, v. SAME, Appellants.

*Stockholders of manufacturing corporations — action to enforce personal lia-
bility—when the complaint therefor is sufficient.*

Appeal from orders overruling demurrers to the complaint.

In actions brought against the defendants as stockholders in
a corporation known as "The Highland Chemical and Mining
Company," organized under the act of the Legislature of 1848,
concerning manufacturing and other companies. The defendants
demurred to the complaint in each action, on the ground that it did
not state facts sufficient to constitute a cause of action. The court
at Special Term overruled the demurrer, and defendants appealed
to this court.

The complaint alleged the incorporation of the company under the

act of 1848, and proceeded as follows: " the plaintiff further says that he has performed work and labor of said company for two years prior to February 16, 1878, and that on said 16th day of February, 1878, the said Highland Chemical and Mining Company was indebted to him in the sum of $178.49, for work and labor performed for said company in their factory in Phillipstown aforesaid, at their request. That on the 13th day of March, 1878, the said plaintiff recovered a judgment against said Highland Chemical and Mining Company for said work and labor performed for them at their request, as aforesaid, for damages and costs, $200.07; the judgment roll whereof was duly filed in the Dutchess county clerk's office on that day, and that a transcript of said judgment was duly filed in the Putnam county clerk's office, the county in which said company conduct and carry on their business, on the 14th day of March, 1878. That on said 14th day of March, 1878, an execution on said judgment was duly issued and delivered to the sheriff of Putnam county, who has returned the same wholly unsatisfied. The said plaintiff further shows that during the time that he worked for said company, as aforesaid, the said defendants were and still are stockholders of said company."

The court at General Term said: "The averments in the complaint are, that the plaintiff performed work and labor for the company in their factory, at their request; that on the 10th February, 1878, the company was indebted to him in $178.49 for said work and labor, and that he recovered a judgment therefor against the company on the 13th of March, 1878.

The Code of Civil Procedure (§ 519) requires that the allegations of a pleading must be liberally construed, with a view to substantial justice between the parties. According to the application which has been in most instances made of this provision, I think the demurrer was properly overruled. In *Zabriskie* v. *Smith* (3 Ker., 322), it was held that a complaint is sufficient, if the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative, and the complaint is deficient in technical language. To the same effect are *Olcott* v. *Carroll* (39 N. Y., 436, and *Barber* v. *Morgan*, 51 Barb., 116). The Code makes no exception of an action upon

a statute, and I know of no reason that would require or justify the application of a different rule to such an action.

The debt in this case arose upon an implied assumpsit to pay for work and labor. It was, therefore, necessarily to be paid—*i. e.*, payable within one year from the time it was contracted. The debt was due in February, 1878, and a judgment for the same was recovered in March following. That shows that the suit must have been brought within a year after the debt became due. An execution upon that judgment has been returned unsatisfied. That shows that the debt has not been paid. The plaintiff sues for work and labor in a factory. I think, therefore, that it sufficiently appears that he was a laborer within the meaning of the statute, which gives the right of action."

*C. Frost*, for the appellants.

*H. H. Hustis*, for the respondents.

Opinion by GILBERT, J.; DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Orders overruling demurrers affirmed with costs and disbursements.

---

THOMAS FALLON, RESPONDENT, *v.* MICHAEL KELEHAR AND BARTHOLOMEW KELEHAR, APPELLANTS.

*Award — when void for uncertainty — but one award can be made.*

APPEAL from an order confirming an award of arbitrators, and directing judgment thereon in favor of the plaintiff entered therein.

The plaintiff had an action pending in this court against the defendants, wherein the plaintiff's claim was stated at $211.85 for "work, labor, and services performed, and materials furnished to the defendants by the plaintiff." The defendants in their answer denied the claim, and averred that the work was done " negli-